IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AHMED MAHMOUD,

                                                    FINAL PRETRIAL
                                                    CONFERENCE ORDER

                        Plaintiff,

        v.                                          24-cv-384-jdp

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN
SYSTEM,

                        Defendant.

---

This order memorializes the rulings at the final pretrial conference of March 18, 2026.

Counsel predicted that the case would take five days to try. The court will inform the jurors accordingly.

Witnesses will be sequestered, with the exception of plaintiff and defendant's representative.

The court set deadlines for certain filings pertaining to exhibits and trial documents. Corrected exhibits and exhibit lists are to be served and filed by Friday, March 20; any objections to the corrected exhibits and exhibit lists must be filed by Tuesday, March 24; objections to the court's draft voir dire, jury instructions, and the special verdict must be filed by Monday, March 23.

The court ruled on unresolved in limine issues.

1.      The court denied plaintiff's motion to admit several categories of evidence under Rule 801(d)(2)(D) over anticipated hearsay objections, Dkt. 181. Plaintiff may still admit evidence under this and possibly other exceptions but must do so on an individual basis.

2.      The court granted in part plaintiff's motion to limit the testimony of the former dean of the School of Medicine and Public Health, Robert Golden, Dkt. 182. Golden may testify about his involvement with the reasons for non-renewal letter and the advice he shared with Wellik during their monthly meetings.

3.      The court addressed plaintiff's motion to use summaries at trial, Dkt. 184. The court will allow plaintiff to use the comparator chart as a demonstrative exhibit only; he must revise the chart to accurately reflect plaintiff's qualifications at the time of the September vote and remove the "impact factor" designations. The court gave plaintiff a chance to revise the on-campus/in-person activities chart. The court will allow the chart only if underlying evidence directly supports his actual presence on campus.

4.      Plaintiff withdrew its motion to bifurcate the trial into liability and damages phases. *See* Dkt. 174. Defendant stands on its motion to bifurcate. Dkt. 167. The court will decide whether to bifurcate the trial after it receives this week's submissions.

5.      The parties informed the court that they had identified all the witnesses who would be testifying by videoconference. At this point, no further relief is warranted on plaintiff's motion. Dkt. 174.

6.      The court addressed the scope of the testimony of plaintiff's wife, Sera Serag. If Serag testifies, she will be subject to the sequestration order. At the hearing, the court limited her testimony to her personal knowledge of plaintiff's manifested emotional distress. During her deposition, Serag asserted spousal and attorney-client privilege to certain questions about her communication with plaintiff. The court will review the transcript of the deposition to determine whether her assertion of privilege would prevent her from testifying even on the

topic of plaintiff's emotional distress. The court will take up the matter at the March 25 conference.

7.    The court denied defendant's motion to exclude plaintiff from testifying that Wellik discouraged him from seeking an extension, Dkt. 167, at 12.

8.    The court denied defendant's motion to exclude plaintiff from seeking monetary damages for emotional distress. Dkt. 167, at 12. Plaintiff disclosed this category of damages, and damages for emotional distress do not have to be calculated before trial or even at trial.

9.    The court granted defendant's motion to strike the testimony of plaintiff's expert Laurie Boyer, Dkt. 183. As explained in detail at the hearing, Boyer's report is merely conclusory, failing to provide any analysis to support her conclusions that plaintiff's qualifications equaled or exceeded that of the comparators and that plaintiff met the standards for tenure at the University of Wisconsin–Madison.

10.    The court granted in part defendant's motion to exclude testimony from plaintiff's medical and mental health providers, Dkt. 186. Specifically, plaintiff's providers may testify about their treatment of plaintiff, but they may not testify about any future emotional distress or need for future treatment.

The court will hold a second final pretrial conference at 2:30 p.m. on March 25, 2026. The purpose of the second conference will be to pre-rule on objections to the exhibits. The parties are ordered to meet and confer about their objections before the second conference.

Entered March 19, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3